IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OTIS SHANNON, Reg. No. 70150-019, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:18-CV-962-MHT |
| | ) | [WO] |
| WARDEN W. WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner requests leave to file a motion for a preliminary injunction. Upon consideration of the motion, it is

ORDERED that the motion (Doc. 18) is GRANTED.

Before the court is Petitioner's request for a preliminary injunction. He seeks issuance of a preliminary injunction directing his immediate placement in a residential re-entry center ["RCC"]. Petitioner maintains the court's order granting Respondent additional time to file an answer to the instant action extends adjudication of this matter which will result in a lapse of the time period within which he seeks RCC placement. Upon review, the court concludes that the motion for preliminary injunction is due to be denied.

### I. DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction

may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);  *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (holding that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (internal quotation marks and citation omitted).

   The court has carefully reviewed Petitioner's request for a preliminary injunction in which he contends the BOP has used criteria not intended by Congress to determine the amount of time for his RCC placement and that failure to grant him immediate RCC placement will result in a loss of ability to work and earn income, to interact with the outside world, and to earn the privilege of going home on weekends. Petitioner's generalized statements are insufficient to meet his

heightened burden of proof on the four factors necessary to demonstrate entitlement to preliminary injunctive relief. *Seatrain Int'l, S.A.*, 518 F.2d at 179. Further, even if Petitioner could demonstrate an injunction is proper, the court lacks the authority to order the Bureau of Prisons to act as Petitioner seeks in his motion as the provisions of 18 U.S.C. § 3621 make clear that the authority to designate a place or location of imprisonment is within the sole discretion of the BOP.[1] Issuing a preliminary injunction is not warranted.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Petitioner (Doc. 18) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

It is

ORDERED that **on or before January 30, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[1] A court may make a recommendation during sentencing but is without further jurisdiction regarding an inmate's place of location of imprisonment.

Done, this 16th day of January 2019.

                                        /s/   Charles S. Coody
                                     UNITED STATES MAGISTRATE JUDGE